Case No. 4, Michael Needle, P.C. v. Cozen O'Connor May it please the Court. Good morning. My name is Jeff Greenspan on behalf of Cozen O'Connor. Your Honors, as an initial matter, Cozen's withdrawal didn't preclude it from being compensated. Under Illinois laws, as your Honors recognize, an attorney that withdraws for good cause is entitled to compensation on a quantum merit basis, and a breakdown in the attorney-client relationship amounts to that good cause. Cozen's petition provides for that. Excuse me, Mr. Greenspan. Hello. Did the district court ever actually decide whether Cozen's withdrawal in this case was for good cause? I mean, it's not specifically noted. She said it's not specifically noted. Oh, it is not specifically noted, no, your Honor. But Cozen's petition provided the district court with its reasons for withdrawal and established that it did have good cause. In this case, the petition stated that Needle never notified Cozen that another law firm claimed to have a secured interest in Needle's recovery before entering into the agreement, the fee agreement, with Cozen. Obviously, that jeopardized Cozen's ability to be paid in the case, but it also created a serious lack of trust between Needle and Cozen and ultimately a breakdown in the attorney-client relationship, which led to Cozen giving Needle its 30-day notice to withdraw in the case. Basically cutting the losses? I'm sorry. Basically cutting losses, I suppose, if there was the prior perfected interest. Correct, your Honor. But even during that 30-day period, the district court, Judge Palmeier, recognized that Cozen continued to vigorously work on Needle's behalf during that time. Appearing in the case, Needle was faced with a motion for default, as your Honors are aware, and had been sanctioned several times. And Cozen had to familiarize itself with the convoluted history of the case. It drafted pleadings, appeared in court, engaged in settlement efforts. How long did Cozen continue to work on this case after it learned about the Mayor Brown lien? Approximately a little over two and a half months, I'd say. And that was just because you were disentangling during that period of time? Before we gave our notice, we were trying to work something out with Mr. Needle and the other law firm. Once we learned that that wasn't going to happen, we gave our notice, and then we were obligated to remain on for another 30 days. But in that time period, we continued to work vigorously, as Judge Palmeier recognized in the case. And the 30 days was required by the contract? By the contract, correct, your Honor. So I'm going to go back for just a second, please. So I take it it's your view that the district court, that it wasn't necessarily an essential finding that Cozen was withdrawing for good cause before awarding lien because there was enough in the record? Yes, if you're on, I don't think the judge, Judge Palmeier, was required to specify a finding that there was good cause, but I do think she was well aware of the reason why we withdrew and that we did have good cause to do so. And was good cause challenged below? Was that raised? So she may not have specifically addressed that if it wasn't raised. Well, we raised it in our petition, your Honor. Correct, but they didn't challenge it. Correct, your Honor. That is accurate. Also, contrary to Mr. Neal's argument, the district court's finding that Cozen didn't substantially or primarily produce his share of the fund doesn't render the attorney lien invalid or unenforceable. That's not a requirement under Illinois. Isn't there some confusion here between what Pennsylvania requires and somewhat analogous circumstances? Correct, your Honor. Under Illinois law, the attorney's work just needs to assist in that recovery, and Cozen meets that requirement here. As your Honor previously recognized, at the time, the district court acknowledged that Cozen successfully defended the motion for default, and against Royce's motion for default by pressing its claim that it was entitled to more than 50% of the fund. And then ultimately the district court did award more than 50% of the fund. So there's nothing inconsistent about enforcing the attorney's lien under the Illinois Attorney's Lien Act and finding that Cozen didn't substantially produce Neal's share of the fund. As far as Mr. Neal's argument that it was an abuse of discretion for the court to award its fees without having an evidentiary hearing, the district court has broad discretion in making a determination on attorney's fees. A hearing wasn't necessary in this case. Judge Pallmeyer acknowledged and was very familiar with Cozen's work in the case and the circumstances in which Cozen was appearing. The briefs submitted provided sufficient information for Judge Pallmeyer to render a decision on that. Finally, Mr. Neal makes an argument in his reply and asks why we're defending this appeal. And aside from having a valid lien, Cozen is defending its integrity in this case. And while Cozen clearly had a disagreement with Neal relating to his truthfulness when he hired Cozen, Cozen gave 100% effort and abided by its duty to faithfully represent him until the court granted Cozen's motion to withdraw. And now Neal's contending that Cozen shouldn't be compensated for that effort and it's Cozen's position that that's just wrong. And so we'd ask that the district court's decision be affirmed.  All right. Thank you very much. Anything further, Mr. Fusco? Respectfully, cause was challenged down below. It was absolutely challenged in my initial opposition. The good cause was? Yes. Do you have a record cite? I... I do not have the document cite in front of me, Your Honor. Bear with me one second. I'm looking to see if I have the cite here. You didn't... When I asked that question of you earlier, you said you did not have... You did not know where in the record it might be, but it was just Paul Meyer. Yes. I submitted... I'm looking for the docket reference, Your Honor. I did submit opposition to that. And it was in... To the motion? Opposition to withdraw. Yes. We challenged cause in that opposition, in our opposition. Well, by the time the quantum merit award exists, or, you know, the possibility of that thing, she's clearly resolved this point. It's a necessary argument. Yes, Your Honor. All right. Well, you don't need to waste your time doing that. We will... Thank you. It's either there or not, and we'll see if it is. So thank you very much. Thanks to all counsel. We'll take this case under advisement.